# In the United States Court of Federal Claims

No. 18-1553T

(Filed:  March 26, 2020)[1]

**NOT FOR PUBLICATION**

| | |
|---|---|
| BENJAMIN F. CHAVIS, | ) |
| Plaintiff, | ) |
| v. | ) Motion to Dismiss; RCFC 12(b)(1); Lack of Subject Matter Jurisdiction; 26 U.S.C. § 6672 (2012). |
| THE UNITED STATES, | ) |
| Defendant. | ) |

<u>Benjamin F. Chavis</u>, Montclair, NJ, pro se.

<u>Sophia Siddiqui</u>, Attorney of Record, with whom were <u>Richard E. Zuckerman</u>, Principal Deputy Assistant Attorney General, <u>David I. Pincus</u>, Chief, and <u>G. Robson Stewart</u>, Assistant Chief, Tax Division, Court of Federal Claims Section, United States Department of Justice, Washington, DC, for defendant.

## OPINION

CAMPBELL-SMITH, Judge.

Before the court is defendant's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC).  See ECF No. 15.   In evaluating defendant's motion, the court considered:  (1) plaintiff's complaint, ECF No. 1; (2) defendant's motion to dismiss, ECF No. 15; (3) plaintiffs' response, ECF No. 18; and (4) defendant's reply, ECF No. 21.  For the following reasons, defendant's motion to dismiss, pursuant to RCFC 12(b)(1), is **GRANTED**.

---

[1]   This opinion was initially issued on January 15, 2020, and is now being re-issued and made available to the public with no redactions.  The only changes made to the original opinion are the date and the content of this footnote.

I.     Background

In his complaint, plaintiff states that he "respectfully requests consideration by the US Court of Federal Claims regarding the Internal Revenue Service [(IRS)] Determination to reject the Plaintiff's Claim for Refund and Request for Abatement in conjunction with the Civil Penalties for the tax periods ending March 31, 2013 through September 30, 2014." ECF No. 1 at 2.

The background facts of the dispute are attached to the complaint as a separate "statement of claim." See ECF No. 1-1.  In that statement, plaintiff alleges that he was assessed a civil penalty by the IRS, pursuant to 26 U.S.C. § 6672 (2012), in an amount of $459,310.76 in June 2016.  See id. at 3.  The penalty was assessed in connection with an IRS investigation of his former employer, EOServe Corp., for unpaid employment taxes. Id.  See also ECF No. 1 at 2 (naming his employer as Education Online Services Corporation); ECF No. 1-2 at 2 (September 28, 2017 IRS Determination Letter stating that "[b]ased on the information contained in the administrative file, it is evident that you are a responsible and willful officer within the meaning of IRC Section 6672 who failed to withhold and deposit the employment taxes for the entity known as Education Online Services Corp Inc.").

Plaintiff served as EOServe Corp.'s president from January 1, 2009, through February 28, 2013.  See ECF No. 1-1 at 2.  He claims, however, that the title of president was "ceremonial and symbolic" and that he had "no decision-making authority, capacity, involvement, participation or influence on the financial decisions and related employment tax issues concerning the operations, administrative functions, and executive control of EOServe Corp." Id.

He urges the court to determine that he was not a responsible person—and therefore not liable—under section 6672 for purposes of the IRS's efforts to recover the unpaid taxes and penalties.  See id. at 3.  He also seeks "an [a]batement of all penalties pursuant to Section 6651 of the **Internal Revenue Code**." Id.  Plaintiff does not allege that he paid any portion of the assessed penalty.  See generally id.

II.    Legal Standards

A.     Pro Se Litigants

The court acknowledges that plaintiff is proceeding pro se, and is "not expected to frame issues with the precision of a common law pleading." Roche v. U.S. Postal Serv., 828 F.2d 1555, 1558 (Fed. Cir. 1987).  Pro se plaintiffs are entitled to a liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers").  Accordingly, the court has

examined the complaint and plaintiff's other filings thoroughly to discern all of plaintiff's claims and legal arguments.

B.     Jurisdiction

This court is one of limited jurisdiction. Specifically, the Tucker Act grants the court the authority to consider, "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). This includes tax refund cases. See Shore v. United States, 9 F.3d 1524, 1527 (Fed. Cir. 1993).

C.     Dismissal under RCFC 12(b)(1)

Plaintiff bears the burden of establishing this court's subject matter jurisdiction by a preponderance of the evidence. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). To determine whether plaintiff has carried this burden, the court must accept "as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995)). If the court determines that it lacks subject matter jurisdiction, it must dismiss the complaint. See RCFC 12(h)(3).

III.   Analysis

In his complaint, plaintiff characterizes the relief he seeks in two ways. On the first page of the complaint he "respectfully requests consideration by the US Court of Federal Claims regarding the Internal Revenue Service [(IRS)] Determination to reject the Plaintiff's Claim for Refund and Request for Abatement in conjunction with the Civil Penalties for the tax periods ending March 31, 2013 through September 30, 2014."[2] ECF No. 1 at 2. Those civil penalties were assessed by the IRS, pursuant to 26 U.S.C. § 6672. See ECF No. 1-2 at 2. And on the last page of his statement attached to the complaint,

---

[2]     This court's consideration of a plaintiff's right to a refund is de novo—the court will not review an IRS decision. See Gluck v. United States, 84 Fed. Cl. 609, 616 (2008) (citing Int'l Paper Co. v. United States, 36 Fed. Cl. 313, 322 (1996) ("It is well-settled that a tax refund suit in the Court of Federal Claims 'is a de novo proceeding, in which the plaintiff bears the burden of proof with respect to each and every element of its claim."); Hearst Corp. v. United States, 28 Fed. Cl. 202, 230 (1993) ("A tax refund suit is not a quasi appellate review of an administrative determination."), rev'd on other grounds, 36 F.3d 1116 (Fed. Cir. 1994)).

plaintiff "respectfully request[s] an [a]batement of all penalties pursuant to Section 6551 of the **Internal Revenue Code**." ECF No. 1-1 at 3.

To the extent that plaintiff seeks an abatement of the taxes and penalties assessed to him by the IRS, his claim fails because this court does not have jurisdiction of consider tax abatement claims. See Gluck v. United States, 84 Fed. Cl. 609, 615 (2008) (holding that the court lacked jurisdiction over the plaintiff's claim for a tax abatement); Abruzzo v. United States, 24 Cl. Ct. 668, 675 n.9 (1991) ("The court lacks jurisdiction to consider a claim that an amount should be abated.") (citation omitted).

With regard to any claim for a refund made by plaintiff, the court similarly lacks jurisdiction. In order to establish this court's jurisdiction over a refund claim, a plaintiff is generally required to demonstrate that he has paid the full amount of the taxes he seeks to have refunded. See Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002) (citing Flora v. United States, 362 U.S. 145, 177 (1960)). As noted above, the tax penalties at issue here were assessed under 26 U.S.C. § 6672. See ECF No. 1-1 at 3; 1-2 at 2. In a departure from the general rule, refund claims made pursuant to section 6672 do not require full payment of the tax liability, but do require some payment. See Vir v. United States, 125 Fed. Cl. 293, 298 (2016) (stating that "a taxpayer assessed under section 6672 need only pay the divisible amount of the penalty assessment attributable to a single individual's withholding before instituting a refund action") (citations omitted). Defendant moves to dismiss plaintiff's complaint for lack of jurisdiction on the basis that plaintiff has not paid any part of the sum assessed by the IRS. See ECF No. 15 at 5.

In response to defendant's motion to dismiss on this ground, plaintiff repeats his allegations that he was not, in fact, entrusted with any decision-making responsibilities related to taxes or employment while serving as the president of EOServe Corp. See ECF No. 18 at 1-2. Plaintiff argues that it "is unfair, unwarranted and unjustified" for the IRS to pursue him for payment. Id. at 2. He then sets forth his argument, at length, that the IRS erroneously determined that he is a responsible person with regard to EOServe Corp.'s tax liability. See id. at 3-5. Nowhere in plaintiff's submissions, however, does he claim—much less demonstrate by a preponderance of the evidence—that he has made the requisite payments to invoke this court's jurisdiction. In fact, he closes his argument with the following two questions: "Why should I be required to make a proportional payment of an unfair tax judgment against me? How is that rule fair to a U.S. taxpayer?" ECF No. 18 at 4. The court simply is not empowered to create jurisdiction on the basis of perceived unfairness. Because plaintiff has failed to show that he paid the required portion of the IRS assessment, the court lacks jurisdiction to consider this case.

IV.     Conclusion

Accordingly, defendant's motion to dismiss plaintiff's complaint pursuant to RCFC 12(b)(1), ECF No. 15, is **GRANTED**.  The clerk's office is directed to **ENTER** final judgment **DISMISSING** plaintiff's complaint, without prejudice.

In addition, on or before **January 31, 2020**, the parties shall **CONFER** and **FILE** a **redacted version** of this opinion, with any material deemed protected marked out and enclosed in brackets, so that a version of the opinion can be made available in the public record of this matter.

IT IS SO ORDERED.

s/*Patricia E. Campbell-Smith*
PATRICIA E. CAMPBELL-SMITH,
Judge